# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DELBERT SUMNERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-5065-CV-S-RED-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Delbert Sumners seeks judicial review of the Commissioner's denial of his request for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3) (2009); *Warburton v. Apfel*, 188

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (2009); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2009); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past

work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff argues the ALJ 1) erred in assessing certain impairments as non-severe, 2) did not provide a proper RFC in light of the substantial evidence of record, and 3) did not follow the proper credibility analysis in discounting Plaintiff's credibility.

### **The ALJ did not err in classifying some of Plaintiff's impairments as non-severe**

Plaintiff asserts the ALJ erred at step two of the sequential process by improperly concluding his peripheral neuropathy, S1 radiculopathy, left hand arthritis and deformity, depression, and panic disorder were non-severe. At the second step, the ALJ must determine whether the claimant has a "severe" impairment or combination of impairments that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1520, 416.920 (2009). An impairment is "not severe if it does not significantly limit [the claimant's] . . . ability to do basic work activities." 20 C.F.R. § 416.921(a) (2009).

Plaintiff asserts the ALJ committed reversible err in not classifying certain impairments as severe. However, the only issue at step two of the sequential process is whether the claimant suffers from some severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007) (opining, "The ALJ . . . made an explicit finding that Ms. Oldham suffered from severe impairments. That was all the ALJ was required to do in that regard."). If the claimant suffers from any single

3

severe impairment, the analysis proceeds to the other steps. At step four the ALJ considers both severe and non-severe impairments. 20 C.F.R. § 416.945(a)(2) (2009). Therefore, the real issue is whether the ALJ properly determined Plaintiff's RFC at step four of the sequential process in light of his classification of certain impairments as non-severe.

### The ALJ properly assessed Plaintiff's RFC

Plaintiff argues the ALJ's RFC assessment failed to include sufficient limitations related to Plaintiff's peripheral neuropathy, difficulty using his left hand, and trouble standing or moving around. A claimant's RFC is the most he can do despite the combined effect of his limitations. 20 C.F.R. § 416.945(a)(1) (2009). "While the ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007) (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir.2004)).

After considering medical opinions and other evidence of record, the ALJ found Plaintiff could lift and carry 25 pounds frequently and fifty pounds occasionally; could sit, stand, and walk for up to six hours in an eight hour workday; could frequently balance, stoop, kneel, crouch, and crawl; could occasionally climb ramps and stairs; and could frequently handle and feel, and occasionally finger with his left hand. This assessment was based on Dr. Frederick Cremona's examining opinion. The ALJ explained he accepted Dr. Cremona's opinion as consistent with the record as a whole. Substantial evidence supported the ALJ's decision to rely on Dr. Cremona's opinion, as the record did not contain an inconsistent opinion from a treating source.

Plaintiff asserts the ALJ's RFC assessment should have contained greater limitations. However, Plaintiff's argument is based on isolated findings and his own statements to treatment

4

providers. Plaintiff argues the RFC assessment should have taken into account his trouble moving around, stating he was "repeatedly observed to walk with a wide-based, markedly antalgic gait." The ALJ's RFC assessment indicated Plaintiff could move around up to six hours in an eight hour day. This finding was supported by substantial evidence in the record. Although one physician determined Plaintiff suffered from an antalgic gait, Dr. John Knudsen, Plaintiff's pain management specialist, determined Plaintiff walked with a non-antalgic gait and would bear weight on his heels and toes normally. Considering it is the ALJ's responsibility to resolve conflicts in medical opinions, the ALJ did not err in finding Plaintiff could walk for six hours in an eight hour workday. *See Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008).

Plaintiff asserts the ALJ erred in finding Plaintiff could frequently balance, stoop, kneel, crouch, and crawl, as Dr. Ellen Nichols determined Plaintiff could only bend forward a few degrees. However, Dr. Nichols' opinion did not establish a bending limitation, considering other physicians found Plaintiff exaggerated his pain during physical testing and did not find any problem with Plaintiff's ability to bend.

Plaintiff next argues the ALJ erred in excluding his mental limitations and inability to get out of bed some mornings. However, Plaintiff relies on his own statements to support these assertions. As discussed in detail below, the ALJ followed the proper analysis for discrediting Plaintiff's subjective complaints.

Plaintiff asserts the ALJ should have assigned greater handling limitations, in particular with regard to his right hand. Plaintiff bases this assertion on one physician's finding that Plaintiff had neuropathy "extending to the lower calves and the wrists." The ALJ did not err in excluding a limitation on Plaintiff's ability to use his right hand, considering the neuropathy only extended to

5

his wrists, and two other physicians did not find any problems with Plaintiff's right hand. In sum, the Court finds the ALJ's RFC assessment was based on substantial evidence of record.

### The ALJ properly evaluated Plaintiff's credibility

Plaintiff argues the ALJ improperly ignored his testimony. However, the ALJ's finding that Plaintiff's alleged symptoms were only partially credible was consistent with the Commissioner's regulations and policy. *See* 20 C.F.R. §§ 404.1529, 416.929 (2010), *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). While the ALJ must acknowledge considering each *Polaski* factor prior to discrediting the claimant's subjective complaints of pain, the ALJ need not discuss each factor in a methodical fashion. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006). Plaintiff's argument fails because after indicating he considered the *Polaski* factors, the ALJ identified the inconsistencies forming a basis for his credibility finding, and the inconsistencies were supported by substantial evidence in the record. The ALJ found relevant Plaintiff's non-compliance with treatment recommendations, lack of an earnings history, lack of medical opinions corroborating his subjective complaints, and his daily activities.

Plaintiff's failure to follow treatment recommendations was a proper reason to discredit his credibility. In determining whether to discredit a claimant's subjective allegations of pain, "an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, . . . including failing to take prescription medications, . . . seek treatment, . . . and quit smoking." *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006). In this case, Plaintiff did not follow his physicians' instructions to stop smoking and take insulin shots as prescribed. From this evidence, the ALJ could have reasonably concluded that Plaintiff's subjective complaints were not as severe as he described. If Plaintiff in fact suffered the pain alleged, he would have followed his physicians'

instructions.

Plaintiff's earnings history also reduced his credibility. Considering the record did not reflect any history of earnings, the ALJ could have properly found Plaintiff had no desire to work, even prior to the onset of his alleged disability.

Plaintiff complained his impairments prevented him from working. However, no examining or treating physician found Plaintiff's impairments stopped him from working. If there is objective medical evidence inconsistent with the plaintiff's complaints of pain, an ALJ may properly discount those complaints. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002).

Plaintiff's daily activities also shed light on the credibility of Plaintiff's subjective complaints of pain. Plaintiff acknowledged he could perform light housework, prepare meals, ride in a car, and go out alone. These activities are inconsistent with Plaintiff's allegations of pain. As courts will not disturb an ALJ's decision that "seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain," the Court finds no err in the ALJ's finding that only some of Plaintiff's subjective complaints were credible. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).

**IT IS SO ORDERED.**

DATED: July 23, 2010         /s/ Richard E. Dorr
                             RICHARD E. DORR, JUDGE
                             UNITED STATES DISTRICT COURT